1
2
3
4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7   SHAWNCEY BLAKE,                            Case No.  16-cv-01279-HSG
                Plaintiff,
8                                              ORDER OF DISMISSAL WITH LEAVE
         v.                                    TO AMEND; DENYING MOTION FOR
9                                              CLASS CERTIFICATION
10  COUNTY OF SANTA CLARA,                     Re: Dkt. No. 6
                Defendant.
11

12

13                               INTRODUCTION

14         Plaintiff, an inmate at the Santa Clara County Jail, filed this *pro se* civil rights complaint

15  under 42 U.S.C. § 1983.  Plaintiff has also filed a motion to proceed as a class action.  Docket No.

16  6.  Plaintiff is granted leave to proceed *in forma pauperis* in a separate order.  For the reasons

17  stated below, the complaint is dismissed with leave to amend and the motion for class certification

18  is DENIED.

19                                DISCUSSION

20  A.     Standard of Review

21         Federal courts must engage in a preliminary screening of cases in which prisoners seek

22  redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

23  § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of

24  the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief

25  may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.*

26  § 1915A(b).  *Pro se* pleadings must be liberally construed, however.  *Balistreri v. Pacifica Police*

27  *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

28         Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

United States District Court
Northern District of California

claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon

which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  Although in

order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's

obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .

Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must

proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

the alleged violation was committed by a person acting under the color of state law.  *West v.*

*Atkins*, 487 U.S. 42, 48 (1988).

B.    Legal Claims

Plaintiff alleges that the following conditions of confinement at the Santa Clara County Jail

constitute cruel and unusual punishment in violation of his rights under the Eighth Amendment:

inadequate ventilation; poor air circulation; high levels of lead and chemicals in the water; poor

sanitation; roach and gnat infestations; exposed plumbing; sewage leakage in the *pro-per* phone

room; mold in the showers; a constant high pitched noise that affects Plaintiff's ears and Plaintiff's

sleep; and overcrowding that exacerbates his mental health issues.  Docket No. 1 ("Compl.") at 3.

Plaintiff also alleges that he has been retaliated against for his civil lawsuits by being forced to

remain in a higher classification status than other similarly situated inmates.  *Id.*  Plaintiff also

alleges that he fears for his safety because prison officials "retaliate [against], beat, and murder

mentally ill inmates.  *Id.*  Plaintiff names as defendants Santa Clara County and the Santa Clara

County Department of Corrections ("DOC").

Liberally construed, Plaintiff's allegations that there is a constant high pitched noise in the

prison that affects Plaintiff's ears and Plaintiff's sleep; and that the prison is overcrowded,

exacerbating his mental health issues, state cognizable Eighth Amendment claims.  *See Keenan v.*

United States District Court
Northern District of California

2

*Hall*, 83 F.3d 1083, 1090 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998) ("[P]ublic conceptions of decency inherent in the Eighth Amendment require that [inmates] be housed in an environment that, if not quiet, is at least reasonably free of excess noise.") (quoting *Toussaint v. McCarthy*, 597 F. Supp. 1388, 1397, 1410 (N.D. Cal. 1984), *aff'd in part, rev'd in part on other grounds*, 801 F.2d 1080, 1110 (9th Cir. 1986)); *see Akao v. Shimoda*, 832 F.2d 119, 120 (9th Cir. 1987) (allegations of increase in stress, tension, communicable diseases, and confrontations between inmates due to overcrowding states 8th Amendment claim).  However, Plaintiff has not stated an Article III controversy for his allegations regarding inadequate ventilation; poor air circulation; high levels of lead and chemicals in the water; poor sanitation; roach and gnat infestation; exposed plumbing; sewage leakage in the pro-per phone room; and mold in the showers.  Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies."  U.S. Const., Art. III, § 2.  To establish Article III standing, a plaintiff must show (1) an injury in fact, meaning an invasion of a legally protected interest which is both concrete and particularized, and actual or imminent, not conjectural or hypothetical; (2) a sufficient causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks and citations omitted).  Plaintiff has not alleged that he has suffered injury from these particular conditions of confinement.  General grievances about conditions of confinement do not state an Article III case or controversy.  *Lujan*, 504 U.S. at 573–74 ("[A] plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy.").  In addition, Plaintiff's vague allegation that there is exposed plumbing does not, without more, state a cognizable Eighth Amendment claim.  Plaintiff does not explain how the exposed plumbing constitutes cruel or unusual punishment.  Accordingly, Plaintiff's claims regarding inadequate ventilation; poor air circulation; high levels of lead and chemicals in the water; poor sanitation; roach and gnat infestations; sewage leakage in the pro-per phone room; mold in the showers; and exposed plumbing are DISMISSED with leave

3

1   to amend.  Plaintiff may attempt to cure the identified deficiencies in an amended complaint by

2   specifying how these particular conditions of confinement violated his constitutional rights, if he

3   can do so in good faith.

4        Liberally construed, Plaintiff's allegation that he was assigned to a higher classification

5   status than is appropriate in retaliation for filing civil lawsuits states a cognizable First

6   Amendment retaliation claim.  *See Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005)

7   ("Within the prison context, a viable claim of First Amendment retaliation entails five basic

8   elements:  (1) An assertion that a state actor took some adverse action against an inmate (2)

9   because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

10  exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

11  correctional goal.").

12       Plaintiff's vague and conclusory allegation that he fears for his safety because prison

13  officials retaliate against, beat, and murder mentally ill inmates fails to state a cognizable Eighth

14  Amendment claim.  Although the Federal Rules of Civil Procedure adopt a flexible pleading

15  policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.

16  *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege, with

17  at least some degree of particularity, overt acts which Defendants engaged in that support

18  Plaintiff's claim.  *Id.*

19       Plaintiff's complaint suffers an additional deficiency.  The complaint does not state a claim

20  against the named defendants.  Plaintiff has named as defendants Santa Clara County, or the Santa

21  Clara County DOC, which is a department of Santa Clara County.  To impose liability under

22  Section 1983 against a municipal entity such as Santa Clara County for a violation of

23  constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of

24  which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts

25  to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the

26  moving force behind the constitutional violation.  *Plumeau v. School Dist. #40 County of Yamhill*,

27  130 F.3d 432, 438 (9th Cir. 1997); *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).

28  Plaintiff does not allege any policy by Santa Clara County or the Santa Clara County DOC that

United States District Court
Northern District of California

4

allegedly led to the constitutional violations.  Plaintiff's complaint is DISMISSED with leave to amend to cure the identified deficiency if he can do so in good faith.

Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  Plaintiff should list each legal claim separately.  For each claim, Plaintiff should list the specific factual allegations supporting the claim and identify how each defendant caused or participated in the violation.  It is not necessary for Plaintiff to cite case law or include legal argument.  If Plaintiff is alleging municipal liability, Plaintiff must specify what policy led to the constitutional violation.

Plaintiff is cautioned that he may only pursue claims for constitutional violations which have caused him injury; he may not sue generally about prison conditions that have not affected or will not affect him.

Plaintiff is further cautioned that he should list his claims in the body of the amended complaint.  The Court will not read through the exhibits to construe claims.  Plaintiff is strongly encouraged to keep his statements concise and to omit irrelevant details.

In addition, Plaintiff is informed that the Court is not a repository for Plaintiff's evidence. Plaintiff should not file documentary evidence in support of his claims unless it is necessary for the resolution of a motion.

**C.    Motion for Class Certification**

Plaintiff has filed a motion requesting certification as a class action.  However, *pro se* plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of the class.  *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664–65 (9th Cir. 2008) ("courts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity") (citing cases); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir.1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself"). Accordingly, Plaintiff's motion to certify this case as a class action is DENIED.   Plaintiff is limited to asserting claims for violations of his own civil rights and may not litigate claims on

behalf of other prisoners.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to proceed as a class action is DENIED, and the complaint is DISMISSED with leave to amend, as indicated above, within **thirty (30)** days of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order (16-1279 HSG (PR)) and the words AMENDED COMPLAINT on the first page. **Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.** The Clerk of the Court shall send plaintiff a blank civil rights form along with his copy of this order.

Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

**IT IS SO ORDERED.**

Dated: 8/1/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge